1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br><br>     v.<br><br>MARTHA IRENE STEPHENS, as<br>Executrix of the ESTATE OF HOMER D.<br>STEPHENS,<br><br>               Defendant. | Case No. 18-cv-04947-LB<br><br>**ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: ECF No. 16 |

**INTRODUCTION**

The United States of America brings this action against Martha Irene Stephens, as executrix of the Estate of Homer D. Stephens, for the Estate's unpaid estate-tax liabilities.[1] The United States calculates that as of March 31, 2018, the Estate owed $2,474,228.11, plus interest and statutory additions that continue to accrue until the tax is paid.[2]

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 3 (¶ 14).

ORDER; REPORT AND RECOMMENDATION – No. 18-cv-04947-LB

The United States served the summons and complaint on Ms. Stephens on October 5, 2018.[3] Ms. Stephens did not file an answer or otherwise respond to the complaint.[4] On November 16, 2018, the clerk of court entered a default against Ms. Stephens.[5]

On January 30, 2019, the United States moved for default judgment.[6] The United States served a copy of its default-judgment motion on Ms. Stephens.[7] Ms. Stephens did not file an opposition to the United States's motion.[8]

Ms. Stephens has not appeared or consented to magistrate-judge jurisdiction. Consequently, this case must be reassigned. The undersigned orders the clerk of court to reassign this case to a district judge. For the reasons stated below, the undersigned recommends that the newly assigned district judge grant the United States's motion and enter a default judgment in favor of the United States and against Ms. Stephens, as executrix of the Estate of Homer D. Stephens.

## STATEMENT

Homer D. Stephens died on November 7, 2001.[9] (Mr. Stephens lived in Santa Clara County, in the Northern District of California, at the time of his death.[10]) On February 11, 2003, Mr. Stephens's Estate filed a Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return for tax year 2001.[11] The Form 706 reported an estate-tax liability of $1,115,615.00.[12] On

---

[3] Proof of Service – ECF No. 7.

[4] *See* Docket.

[5] Clerk's Entry of Default – ECF No. 11.

[6] Mot. for Default Judgment – ECF No. 16.

[7] *Id.* at 7.

[8] *See* Docket; Notice of Failure to File Opp'n – ECF No. 19.

[9] Compl. – ECF No. 1 at 2 (¶ 7).

[10] *Id.* (¶ 5); Kogachi Decl. Ex. 2 (Form 706) – ECF No. 16-3 at 1.

[11] Compl. – ECF No. 1 at 2 (¶ 9); Kogachi Decl. – ECF No. 16-1 at 3 (¶ 10); Kogachi Decl. Ex. 2 (Form 706) – ECF No. 16-3.

[12] Compl. – ECF No. 1 at 2 (¶ 9); Kogachi Decl. Ex. 2 (Form 706) – ECF No. 16-3 at 1.

*United States District Court*
*Northern District of California*

March 17, 2003, a duly authorized delegate of the Secretary of the Treasury made timely assessments against the Estate for unpaid federal estate taxes.[13]

The United States granted the Estate an extension of time, pursuant to 26 U.S.C. § 6161, to pay the outstanding estate-tax liabilities.[14] The Estate's request for an extension expired on August 7, 2003.[15] Pursuant to 26 U.S.C. § 6161(a)(2), failure-to-pay additions to tax penalties began to accrue after that date.[16]

The Estate submitted an Offer-In-Compromise in March 2008 and another Offer-In-Compromise in May 2015.[17] The United States ultimately rejected both offers.[18]

The Estate has not paid the full amount of its estate tax, penalties, and interest.[19]

The United States has submitted a declaration and a Certificate of Assessments, Payments, and Other Specified Matters attesting that the Estate owes $2,474,228.11 in taxes, penalties, and interest as of March 31, 2018.[20]

## PROCEDURAL HISTORY

On August 15, 2018, the United States filed its complaint against Martha Irene Stephens, as executrix of the Estate of Homer D. Stephens.[21]

United States District Court
Northern District of California

---

[13] Compl. – ECF No. 1 at 2 (¶ 9).

[14] *Id.* (¶ 10).

[15] *Id.*

[16] *Id.*

[17] *Id.* (¶ 11).

[18] *Id.*

[19] *Id.* at 3 (¶ 13).

[20] Kogachi Decl. – ECF No. 16-1 at 3 (¶ 12); Kogachi Decl. Ex. 1 (Form 4340) – ECF No. 16-2; Kogachi Decl. Ex. 2 (Form 706); Kogachi Decl. Ex. 3 (interest calculation) – ECF No. 16-3.

[21] Compl. – ECF No. 1.

On October 5, 2018, the United States personally served the summons and complaint on Ms. Stephens, who signed an acknowledgement of service.[22] Ms. Stephens did not appear or respond to the United States's complaint.[23]

On November 13, 2018, the United States requested an entry of default against Ms. Stephens and served its request on Ms. Stephens.[24] Ms. Stephens did not respond to the United States's request.[25] On November 16, 2018, the clerk of court a default against Ms. Stephens.[26]

On January 30, 2019, the United States moved for default judgment and served its motion on Ms. Stephens.[27] Ms. Stephens did not respond to the United States's motion.[28]

The United States noticed a hearing on its motion for March 7, 2019 at 9:30 a.m.[29] The court held a hearing.[30] Ms. Stephens did not appear at the hearing.[31]

## ANALYSIS

### 1. Jurisdiction and Service

Before entering default judgment, a court must determine whether it has subject-matter jurisdiction over the action and personal jurisdiction over the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A court must also ensure the adequacy of service on the defendant. *See Timbuktu Educ. v. Alkaraween Islamic Bookstore*, No. C 06–03025 JSW, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007).

---

[22] Proof of Service – ECF No. 7.

[23] *See* Docket.

[24] Req. for Entry of Default – ECF No. 10; Req. for Entry of Default Certificate of Service – ECF No. 10 at 3.

[25] *See* Docket.

[26] Entry of Default – ECF No. 11.

[27] Mot. for Default Judgment – ECF No. 16; Mot. for Default Judgment Certificate of Service – ECF No. 16 at 4.

[28] *See* Docket; Notice of Failure to File Opp'n – ECF No. 19.

[29] Mot. for Default Judgment – ECF No. 16 at 1.

[30] Minute Entry – ECF No. 22.

[31] *Id.*

United States District Court
Northern District of California

The court has subject-matter jurisdiction pursuant to Section 7402(a) of the Internal Revenue Code, 26 U.S.C. § 7402(a), and 28 U.S.C. §§ 1340 and 1345.

The court has personal jurisdiction over Ms. Stephens as executrix of Mr. Stephens's Estate because Mr. Stephens resided in this district while he was alive. *Mitsui Mfrs. Bank v. Tucker*, 152 Cal. App. 3d 428, 430–32 (1984).

The United States personally and timely served the summons and complaint on Ms. Stephens, who signed an acknowledgement of service that the United States filed with the court.[32] The United States also served (1) its request for entry of default and (2) its motion for default judgment on Ms. Stephens.[33]

## 2.   Default Judgment

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for — and the court may grant — a default judgment against a defendant who has failed to plead or otherwise defend an action. After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The court need not make detailed findings of fact. *Combs*, 285 F.3d at 906. Default-judgment cannot differ in kind from or exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c)

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). The decision to grant or deny a default judgment lies within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). Default judgments generally are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

---

[32] Proof of Service – ECF No. 7.

[33] Req. for Entry of Default Certificate of Service – ECF No. 10 at 3; Mot. for Default Judgment Certificate of Service – ECF No. 16 at 4.

In deciding whether to enter a default judgment, the court considers: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect[,] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. "Of all the Eitel factors, courts often consider the second and third factors to be the most important." *Mohanna v. Bank of America, N.A.*, No. 16-cv-01033-HSG, 2017 WL 976015, at *3 (N.D. Cal. Mar. 14, 2017) (internal quotation marks omitted) (citing cases). The *Eitel* factors favor default judgment here.

## 2.1   The Possibility of Prejudice to the Plaintiff (First *Eitel* Factor)

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and whether such potential prejudice to the plaintiff weighs in favor of granting a default judgment. *Eitel*, 782 F.2d at 1471; *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010). The Estate has not paid the estate tax it owes, and Ms. Stephens has not appeared or responded to the United States's complaint seeking to recover the owed tax. Absent a default judgment, the United States may be left without recourse. This factor weighs in favor of granting a default judgment.

## 2.2   The Merits and Sufficiency of the Claims (Second and Third *Eitel* Factors)

The second and third *Eitel* factors consider the merits of the claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. "The Ninth Circuit has suggested that [these factors] . . . require that plaintiffs' allegations 'state a claim on which the [plaintiff] may recover.'" *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

In cases involving taxes and failure-to-pay penalties, a Certificate of Assessments, Payments, and Other Specified Matters (Form 4340) is "highly probative, and [is] sufficient, in the absence of contrary evidence to establish that the notices and assessments were properly made." *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) (quoting *United States v. Zolla*, 724 F.3d 808, 810 (9th Cir. 1992)).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The United States has presented a detailed analysis of the amounts due in estate taxes,

2    penalties, and interest, namely, a Certificate of Assessments, Payments, and Other Specified

3    Matters (Form 4340), generated under seal and signed by an authorized delegate of the Secretary

4    of the Treasury.[34] The determination and assessment of the Estate's tax liability is further

5    supported by the Form 706 tax return that the Estate filed with the IRS.[35] In the absence of

6    contrary evidence, these documents establish the United States's entitlement to taxes, penalties,

7    and interest. These factors weigh in favor of granting a default judgment.

8    **2.3    The Sum of Money at Stake (Fourth *Eitel* Factor)**

9    The fourth *Eitel* factor addresses the amount of money at stake in the litigation. *Eitel*, 782 F.2d

10   at 1471. When the money is substantial or unreasonable, default-judgment is discouraged.

11   *See id.* at 1472 (three-million dollar judgment, considered in light of parties' dispute as to material

12   facts, supported decision not to enter default judgment); *Tragni v. S. Elec. Inc.*, No. 09-32 JF (RS),

13   2009 WL 3052635, at *5 (N.D. Cal. Sept. 22, 2009); *Bd. of Trs. v. RBS Wash. Blvd., LLC*, No. C

14   09-00660 WHA, 2010 WL 145097, at *3 (N.D. Cal. Jan. 8, 2010). When the sum of money at

15   stake is tailored to the specific misconduct of the defendant, default judgment may be

16   appropriate. *See Bd. of Trs. of the Sheet Metal Workers Health Care Plan of N. Cal. v. Superhall*

17   *Mech., Inc.*, No. C-10-2212 EMC, 2011 WL 2600898, at *2–3 (N.D. Cal. June 20, 2011) (the

18   amount of unpaid contributions, liquidated damages, and attorney's fees were appropriate as they

19   were supported by adequate evidence provided by the plaintiffs).

20   The sum of money at stake — $2,474,228.11 — represents the amount the Estate owed in

21   taxes, penalties, and interest as of March 31, 2018.[36] While the amount is substantial, it is tailored

22   to the Estate's unpaid estate-tax liabilities as assessed by the Secretary of the Treasury.[37] Thus,

23   this factor does not weigh against granting default judgment. *Cf. United States v. Sundberg*, No.

24   C-09-4085 EMC, 2011 WL 3667458, at *5 (N.D. Cal. Aug. 22, 2011) (entering default judgment

25

---

26   [34] Kogachi Decl. – ECF No. 16-1 at 2-3 (¶¶ 6–9); Kogachi Decl. Ex. 1 (Form 4340) – ECF No. 16-2.
     [35] Kogachi Dec. Ex. 2 (Form 706) – ECF No. 16-3.

27   [36] Kogachi Decl. – ECF No. 16-1 at 3 (¶ 12).

28   [37] Mot. for Default Judgment – ECF No. 16 at 3.

United States District Court
Northern District of California

of over $2.5 million for unpaid taxes and finding that while the amount of money at stake was substantial, it represented the defendant's unpaid tax liabilities and thus did not, by virtue of its amount alone, weigh against default judgment) (citing cases).

### 2.4   The Possibility of a Dispute or Excusable Neglect (Fifth *Eitel* Factor)

The fifth *Eitel* factor considers the possibility of factual disputes.

There is no indication that any material facts are in dispute here. The Estate's liabilities were assessed on the basis of the Form 706 tax return that the Estate itself filed.[38] Ms. Stephens has not submitted anything indicating that she disputes the amount owed, and there is nothing before the court indicating that there is any potential factual dispute. This factor weighs in favor of granting default judgment.

### 2.5   The Possibility of a Dispute or Excusable Neglect (Sixth *Eitel* Factor)

The sixth *Eitel* factor considers whether a defendant's failure to respond was likely due to excusable neglect.

There is no indication that Ms. Stephens's failure to respond was due to excusable neglect. Ms. Stephens was personally served with the summons and complaint and was additionally served with a copy of the United States's request for entry of default and its motion for default judgment. She did not appear or respond to any of these filing. There is nothing before the court indicating excusable neglect on her part.

This factor weighs in favor of granting default judgment.

### 2.6   The Strong Policy Favoring Decisions on the Merits (Seventh *Eitel* Factor)

The seventh *Eitel* factor requires considering the strong policy favoring decisions on the merits. Although default judgment is disfavored, "[t]he very fact that F.R.C.P. 55(b) exists shows that this preference, standing alone, is not dispositive." *Kloepping*, 1996 WL 75314 at *3. "While the Federal Rules do favor decisions on the merits, they also frequently permit termination of cases before the court reaches the merits[,] . . . [as] when a party fails to defend against an action[.]" *Id.*

---

[38] Kogachi Decl. – ECF No. 16-1 at 3 (¶ 12).

1

2

3

Ms. Stephens has not appeared or responded to the lawsuit. Litigation on the merits is not possible. Default judgment thus is appropriate. Fed. R. Civ. P. 55(a); *RBS Wash. Blvd.*, 2010 WL 145097, at *4. This factor does not weight against the entry of default judgment.

4

5

### 3. Relief Sought

6

7

8

9

10

11

12

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The purpose of this rule is to ensure that a defendant is put on notice of the damages being sought against him so that he may make a calculated decision as to whether or not it is in his best interest to answer. *See McDonald v. Checks-N-Advance, Inc. (In re Ferrell)*, 539 F.3d 1186, 1192–93 (9th Cir. 2008); *Bd. of Trs. of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co., Inc.*, No. 08-2038 SC, 2009 WL 1704677, at *4 (N.D. Cal. June 17, 2009).

13

14

15

16

17

18

19

20

21

22

23

In assessing the *Eitel* factors, all factual allegations in the complaint are taken as true, except allegations regarding damages. *TeleVideo Sys.*, 826 F.2d at 917–18. "To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit." *Bd. of Trs. of the Laborers Health & Welfare Trust Fund for N. Cal. v. A & B Bldg. Maint. Co. Inc.*, No. C 13-00731 WHA, 2013 WL 5693728, at *4 (N.D. Cal. Oct. 17, 2013); *Cannon v. City of Petaluma*, No. C 11-0651 PJH, 2011 WL 3267714, at *2 (N.D. Cal. July 29, 2011) ("In order to 'prove up' damages, a plaintiff is generally required to provide admissible evidence (including witness testimony) supporting damage calculations."); *see also Bd. of Trs. of Bay Area Roofers Health & Welfare Trust Fund v. Westech Roofing*, 42 F. Supp. 3d 1220, 1232 n.13 (N.D. Cal. 2014) ("It is Plaintiffs' burden on default judgment to establish the amount of their damages.").

24

25

The United States has submitted a declaration from an IRS revenue officer and a Certificate of Assessments, Payments, and Other Specified Matters attesting that the Estate owes $2,474,228.11

26

27

28

United States District Court
Northern District of California

in taxes, penalties, and interest as of March 31, 2018.[39] This satisfies the United States's burden to establish the amount of its damages. *Oliver v. United States*, 921 F.2d 916, 919–20 (9th Cir. 1990) (the government satisfies its initial burden of proof by introducing Certificates of Assessments, and the burden then shifts to the taxpayer to show that he is not liable for the assessments).

## CONCLUSION

The undersigned directs the clerk of court to reassign this case to a district judge.

The undersigned recommends that the newly assigned district judge enter a default judgment in favor of the United States and against Ms. Stephens, as executrix of the Estate of Homer D. Stephens, in the amount of $2,474,228.11, plus such additional amounts, including interest and penalties, that accrued from March 31, 2018, and continue to accrue as provided by law.

The United States must serve this order and recommendation on Ms. Stephens in the same manner that it served Ms. Stephens with its motion for default judgment.

Any party may serve and file specific written objections to this recommendation within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. Civ. L.R. 72-3. Failure to file written objections within the specified time may waive the right to review of the issue in the district court.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: March 7, 2019

_____
LAUREL BEELER
United States Magistrate Judge

---

[39] Kogachi Decl. – ECF No. 16-1 at 3 (¶ 12); Kogachi Decl. Ex. 1 (Form 4340) – ECF No. 16-2; Kogachi Decl. Ex. 2 (Form 706); Kogachi Decl. Ex. 3 (interest calculation) – ECF No. 16-3.

United States District Court
Northern District of California